UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN HESSON, ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | |
| ) | CIVIL NO. 2:15-CV-106-DBH |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| DEFENDANT ) | |

ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE

On September 29, 2015, the United States Magistrate Judge filed with the court, with copies to counsel, his Report and Recommended Decision. The plaintiff filed an objection to the Recommended Decision on October 7, 2015. I held oral argument on November 12, 2015. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, as elaborated below, and determine that no further proceeding is necessary.

In addition to the United States Magistrate Judge's thorough explanation of why remand is not appropriate in this case despite the Administrative Law Judge's (ALJ) error in finding that the plaintiff had no medically determinable back impairment, I add the following.

Contrary to the plaintiff's position at oral argument, <u>Socobasin v. Astrue</u>, 882 F.Supp.2d 137 (D. Me. 2012), is not directly analogous to this case.  In <u>Socobasin</u>, the magistrate judge determined that the ALJ's error in determining the plaintiff's impairment was non-severe was *not* harmless because "the record would have been devoid of any expert opinion regarding functional limitations imposed by the plaintiff's [ ] impairment." <u>Id</u>. at 142.  Thus, "[t]he determination of the plaintiff's [ ] RCF, in the absence of an expert opinion . . . .would have exceeded the administrative law judge's competence as a layperson." <u>Id</u>.

Even though the ALJ in this case erred in not finding that the plaintiff had a medically determinable back impairment, and even assuming, *arguendo*, that such impairment was "severe" for the purposes of meeting the plaintiff's *de minimis* burden at step 2, <u>see</u> <u>Ramos v. Barnhart</u>, 60 F. App'x 334, 335 (1st Cir. 2003), the record is not "devoid of any expert opinion regarding functional limitations," <u>Socobasin</u>, 882 F.Supp.2d at 142, for the purpose of determining the plaintiff's residual functional capacity at step 4.  <u>See</u> <u>Freeman v. Barnhart</u>, No. 2:02-cv-78-DBH, 2002 WL 31599017, at *6 (D. Me. Nov. 20, 2002) <u>report and recommendation adopted,</u> 2002 WL 31855278 (D. Me. Dec. 19, 2002) ("[A] finding that an impairment passes muster at Step 2 is not necessarily inconsistent with a finding upon closer examination at Step 4 that the same impairment does not restrict RFC in a manner ultimately worthy of mention.").

Rather, the medical evidence considered by the ALJ, including Dr. Buxton's examination report—which occurred after the plaintiff's MRI in December 2012—was simply not indicative of any functional limitations imposed

by the plaintiff's medically determinable back impairment—severe or not.  See

20 C.F.R. § 404.1523 (specifying that when an ALJ assesses a claimant's

residual functional capacity at step 4, all impairments—both severe and non-

severe—are considered).  It was the plaintiff's burden of proof to provide such

evidence:

> At the point in the sequential evaluation process at which an applicant's residual functional capacity is determined, the burden of proof remains with the applicant.  If the applicant has not submitted any medical evidence to support a more restricted residual functional capacity than that assigned by the administrative law judge, he or she is not entitled to a remand merely because the administrative law judge made a determination on the basis of what evidence *was* available to him or her.

Gonsalves v. Astrue, No. 1:09-cv-181-JAW, 2010 WL 1935753, at *6 (D. Me.

May 10, 2010) report and recommendation adopted, 2010 WL 2540945 (D. Me.

June 16, 2010); see also Rodriguez v. Sec'y of Health & Human Servs., 923 F.2d

840 (1st Cir. 1990).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate

Judge is hereby **ADOPTED**.

**SO ORDERED.**

**DATED THIS 16TH DAY OF NOVEMBER, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**